UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAE SINGE,<br><br>            Plaintiff,<br><br>       v.<br><br>JESSICA SANDOVAL, et al.,<br><br>            Defendants. | Case No.  1:25-cv-01590-SKO<br><br>FIRST SCREENING ORDER<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Renae Singe, proceeding pro se and *in forma pauperis*, filed a complaint on November 19, 2025.  (Doc. 1 ("Compl.").)  Upon reviewing the complaint, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement with the Court stating that Plaintiff wants to stand on this complaint, and have it reviewed by the presiding district judge in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

**I.     SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

1  relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
2  28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district
3  court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193
4  (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines
5  that a complaint fails to state a claim, leave to amend may be granted to the extent that the
6  deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130
7  (9th Cir. 2000) (*en banc*).

8       In determining whether a complaint fails to state a claim, the Court uses the same pleading
9  standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and
10 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
11 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
12 of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.
13 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint
14 may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable
15 legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica*
16 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum factual and
17 legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's
18 claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d
19 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

20      In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
21 as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94
22 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556 U.S.
23 at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it
24 stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (quoting
25 *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

26      **II.**    **SUMMARY OF PLAINTIFF'S COMPLAINT**

27      Plaintiff has used a form "Complaint in a Civil Case" and names "Jessica Sandoval" and
28 Housing [Authority]."  (Compl. at 2).  Plaintiff has checked the box for "Federal question" in the

section entitled "Basis for Jurisdiction." (*Id.* at 3). The complaint lists "five hundred thousand" as the amount in controversy and states "She yeld (sic) at me. She lied to me." as the "Statement of Claim." (*Id.* at 5). In the "Relief" section of the form, Plaintiff has written "She embarrassed me and manipulated me. I want her fired." (*Id.* at 6).

### III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to the claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

#### A.    Jurisdiction

Plaintiff fails to allege a basis for federal jurisdiction. Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are, therefore, presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A complaint that lacks a basis for federal-court subject-matter jurisdiction is subject to dismissal." *Spitters v. Miceli*, No. 18-CV-04917-LB, 2018 WL 6816110, at *3 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, No. 18-04917 WHA, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018).

#### B.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claims demonstrating that they are entitled to relief.

Although the Federal Rules use a flexible pleading policy, a Plaintiff is required to give fair notice to the defendants of the basis of their claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at

555. A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint falls short of the requirements of Rule 8 in several ways. First, the complaint does not make clear what rights Plaintiff seeks to vindicate.

Second, there are no discernable factual allegations beyond the barebones statement of grievance "She yeld (sic) at me. She lied to me." (Compl. at 5). Plaintiff's statement of claim does not allege any specific facts giving rise to any specific theory of liability by the named defendants. In short, it is unclear to the Court how the alleged conduct by the defendants establishes the claims that Plaintiff purports to bring against them. "It is Plaintiff's duty to articulate [their] claim[s]—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

In sum, Plaintiff has failed to plead a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). In light of these deficiencies, the Court will grant Plaintiff leave to amend the complaint to allege a valid basis for federal jurisdiction and to set forth their claims more clearly. If Plaintiff elects to amend the complaint, Plaintiff must (1) properly allege a basis for federal jurisdiction and (2) state the legal basis for the claim, identifying how the facts alleged support and show that the defendants committed the violation asserted as the legal basis for the claims. *See* Fed. R. Civ. P. 8(a). Simply listing the parties and providing a brief expression of grievance is insufficient.

**C.    Legal Standards**

In the event Plaintiff amends the complaint, the Court provides the following legal standards that may be relevant to the action:

1.    <u>Federal Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *Sumner*, 226 F.3d at 1009. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting

1  jurisdiction. *Kokkonen*, 511 U.S. at 377. Generally, there are two bases for subject matter
2  jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

3  Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over
4  "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case
5  'arises under' federal law either where federal law creates the cause of action or 'where the
6  vindication of a right under state law necessarily turn[s] on some construction of federal law.'"
7  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting
8  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence
9  or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."
10 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists
11 only when a federal question is presented on the face of the plaintiff's properly
12 pleaded complaint." *Id.*

13 Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil
14 actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest
15 and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and
16 citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or
17 subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens
18 of a State or of different States."

19 The complaint does not provide a basis for federal jurisdiction. If Plaintiff elects to amend
20 the complaint, Plaintiff must allege facts establishing the existence of subject matter jurisdiction to
21 proceed in federal court.

22 **D.     Leave to Amend**

23 The Court has screened Plaintiff's complaint and finds that it fails to establish federal
24 jurisdiction and fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of
25 Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."
26 Accordingly, the Court will provide Plaintiff with time to file an amended complaint so Plaintiff
27 can set forth a basis for subject matter jurisdiction and specify the claims with additional factual
28 allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint as described above, which will be screened in due course. Alternatively, Plaintiff may choose to stand on their complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint;
   b. Notify the Court in writing that Plaintiff wants to stand on the current complaint; or
   c. File a notice of voluntary dismissal.

6

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01590-SKO.

3. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **November 24, 2025**               /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE