# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANAE SINGH,<br><br>          Plaintiff(s),<br><br>     v.<br><br>JESSICA SANDOVAL, et al.,<br><br>          Defendants. | Case No.  1:25-cv-01590-SKO<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENTION OF TIME TO RESPOND TO THE COURT'S NOVEMBER 24, 2025 SCREENING ORDER AND DIRECTING CLERK TO UPDATE CAPTION AND SERVE PLAINTIFF**<br><br>(Docs. 4, 6) |

The Court is in receipt of Plaintiff Ranae Singh's handwritten letter.  (Doc. 6).  The Court will construe the letter as a request for an extension of time to respond to the Court's November 24, 2025 screening order.  (Doc. 4).  While the Court is sympathetic to Plaintiff's limitations and medical conditions, there is no basis for the Court to schedule a hearing at this time.  The Court advises Plaintiff to review the First Screening Order and reminds Plaintiff that that order sets forth several options as to how she may proceed. The Court will reiterate these options: Plaintiff may (1) file an amended complaint addressing the deficiencies identified in the screening order, (2) indicate that she wishes to stand on her original complaint, or (3) voluntarily dismiss this action. (*See* Doc. 4 at 1, 6–7).

For good cause shown, the Court will GRANT Plaintiff's request for an extension of time. Therefore, Plaintiff SHALL respond to the Court's November 24, 2025 screening order in one of the ways described above and on pages six and seven of the screening order by no later than February 12, 2026.

The Court CAUTIONS Plaintiff that if she fails to act by February 12, 2026, the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety in accordance with the Local Rules for the Eastern District of California and the Federal Rules of Civil Procedure.[1]

The Clerk is DIRECTED to (1) update the caption of this case to reflect the correct spelling of Plaintiff's name "Ranae Singh" and (2) serve a copy of this order along with a copy of the Court's November 24, 2025 screening order to Plaintiff's address as listed on the docket.

IT IS SO ORDERED.

Dated:   **January 13, 2026**                     /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure . . . of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).